**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC,

                Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to LaTasha Putney, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant discharged Ms. Putney because she was pregnant.

**JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Professional Bureau of Collections, Inc. (the "Employer"), has continuously been doing business in the State of Colorado, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, LaTasha Putney filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about September 1, 2006, Defendant engaged in unlawful employment practices at its Greenwood Village, Colorado facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by discriminating against LaTasha Putney because of her sex, female, by terminating her because she was pregnant.

8. The effect of the practice complained of in paragraph 7 above has been to deprive

LaTasha Putney of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of LaTasha Putney.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in pregnancy discrimination and any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole LaTasha Putney by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole LaTasha Putney, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to the costs of job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole LaTasha Putney by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to pain and suffering, mental anguish, humiliation, embarrassment, emotional distress, anxiety, inconvenience and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay LaTasha Putney punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 25, 2007.

          Respectfully submitted,

          RONALD S. COOPER
          General Counsel

          U.S. EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          1801 L Street, N.W.
          Washington, D.C. 20507

          MARY JO O'NEILL
          Regional Attorney
          Phoenix District Office

s/ Rita Byrnes Kittle
RITA BYRNES KITTLE
Acting Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave Suite 510
Denver, CO  80203
rita.kittle@eeoc.gov
tel/303-866-1347
fax/303-866-1375

s/ Jennifer Randall
JENNIFER RANDALL
Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave Suite 510
Denver, CO  80203
jennifer.randall@eeoc.gov
tel/303-866-1378
fax/303-866-1375

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**