# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:     07-cv-02009-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

LATASHA PUTNEY,

Plaintiff Intervenor

v.

PROFESSIONAL BUREAU OF COLLECTIONS, INC.

and

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in

Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and meets the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6) and Fed. R. Civ. P. 26(c)(7), such as: (a) personnel records of current or former employees of Defendant; (b) Defendants' trade secrets and/or other research, development, commercial or financial information that is either privileged or confidential; (c) LaTasha Putney's tax returns; and (d) LaTasha Putney's medical records. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to: attorneys actively working on this case; persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including the designated representatives for Defendants; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; deponents, witnesses, or potential witnesses; at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above

(other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate

*Consistent with D.C. Colo. LCivR 7.2 And 7.3*

motion within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 24TH day of January, 2008.

BY THE COURT:

~~Wiley Y. Daniel~~
~~United States District Judge~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**AGREED AND APPROVED:**

s/ Jennifer Randall
Jennifer Randall, Esq.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
303 E. 17th Ave, Suite 410
Denver, CO 80203
jennifer.randall@eeoc.gov
303-866-1378

s/ Kristi Blumhardt
Kristi Blumhardt, Esq.
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1700 Broadway, Suite 1900
Denver, CO 80290
kblumhardt@mdmlawco.com
303-293-8800

4

Attorney for Plaintiff EEOC                    Attorney for Defendants

 s/ Mark Berumen
Mark Berumen, Esq.
BERUMEN LAW FIRM, P.C.
1450 S. Havana Street, Suite 412
Denver, CO  80012
303-751-2128
markberumen@berumenlaw.com
Attorney for Plaintiff Intervenor