IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 07-cv-02009-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

LATASHA PUTNEY,

Plaintiff-Intervenor,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,
PROFESSIONAL BUREAU OF COLLECTIONS, INC.,

Defendant(s).

**ORDER RE PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 27)**

This matter is before the court on Plaintiff's Motion to Compel (docket no. 27). The court has reviewed the subject motion and the response (docket no. 42) thereto. In addition, the court has taken judicial notice of the court file. Lastly, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

In the subject motion (docket no. 27), Plaintiff EEOC and Plaintiff-Intervenor LaTasha Putney seek an order from this court directing Defendants to produce electronic data for the entire 2006 calendar year. Defendants argue that such data requested by Plaintiff EEOC and Plaintiff-Intervenor LaTasha Putney for the entire year of 2006 is not

1

relevant to the issues before this case; would be unduly burdensome; extremely costly to Defendants; is overbroad and vague; and is not reasonably calculated to lead to the discovery of admissible evidence.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this is a public enforcement action brought by the Plaintiff EEOC. Plaintiff EEOC and Plaintiff-Intervenor LaTasha Putney allege that Defendants discharged Plaintiff-Intervenor LaTasha Putney because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. Moreover, Plaintiff EEOC and Plaintiff-Intervenor LaTasha Putney allege that the articulated reasons for terminating Ms. Putney are a pretext for pregnancy discrimination. Defendants allege that during the course of Ms. Putney's ten (10) weeks of employment with Defendants, Ms. Putney had punctuality, attitude and productivity issues that lead to her termination and that Ms. Putney's pregnancy did not play a factor whatsoever in the decision to terminate Ms. Putney;

5. That Plaintiff-Intervenor was employed as a dialer for Defendants from June 2, 2006 to September 1, 2006. Plaintiff was part of a dialer team consisting of eight (8) other dialers;

6. That, at issue, in this case is Plaintiff-Intervenor's production numbers, meaning the number of calls she placed to debtors on a given day;

7. That the requested information contained in the subject motion (docket no. 27) for the time period from January 1, 2006 up to and including September 1, 2006, is relevant as to the issues pending before this court and is discoverable.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel (docket no. 27) is **GRANTED IN PART AND DENIED IN PART;**

2. That the subject motion (docket no. 27) is **GRANTED** insofar as the Defendants shall respond to all discovery requests as outlined in the subject motion (docket no. 27) for the time period from January 1, 2006 up to and including September 1, 2006. That Defendants shall provide such full and complete responses to such discovery requests as outlined in the subject motion (docket no. 27) **on or before May 30, 2008**;

3. That the remainder of the subject motion (docket no. 27) is

   **DENIED**;

4. That each party shall pay their own attorney fees and costs for this motion since the court finds that under the circumstances of this case an award of expenses would be unjust.

Done and signed this 15th day of May 2008.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE