**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:        07-cv-02009-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

LATASHA PUTNEY,

Plaintiff Intervenor

v.

PROFESSIONAL BUREAU OF COLLECTIONS, INC.

and

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,

Defendants.

---

**PLAINTIFFS' MOTION FOR PROTECTION**

---

Plaintiff Equal Employment Opportunity Commission and Plaintiff Intervenor LaTasha Putney, by and through their respective counsel, respectfully file the present Motion for Protection pursuant to FED. R. CIV. P. 26(c) and Local Rule 30.2(a).  In support thereof, Plaintiffs state as follows:

LaTasha Putney was terminated by Defendants shortly after she disclosed that she was pregnant.  At the time of her termination, Defendants stated that Ms. Putney was being fired due to low production levels; however, the evidence indicates that Ms. Putney's work performance was satisfactory.  After the present lawsuit was filed, Defendants asserted that it had become

aware of evidence, acquired after Ms. Putney's termination, which would have provided additional justification for her termination.

Although Plaintiffs have provided Defendants with a stipulation rendering Defendants' after-acquired evidence defense moot, Defendants continue to pursue information relevant only to their after-acquired evidence defense – specifically, discovery of whether Ms. Putney engaged in illegal activity during her employment with Defendants.  Defendants' continued pursuit of this irrelevant information is embarrassing and oppressive, especially to the extent that it leaves Ms. Putney open to the threat of criminal prosecution. For these reasons, Plaintiffs respectfully request that the Court issue a protective order barring Defendants from questioning Ms. Putney about her possession, use and/or discussion of illegal drugs during her employment by Defendants. In the alternative, Plaintiffs respectfully request that Defendants only be permitted to ask Ms. Putney to respond, on the record, to Defendants' Requests for Admission and to Defendants' Interrogatory No. 13.

## I.       Factual Background

In this public enforcement action, the EEOC and Plaintiff Intervenor allege that Defendants discharged LaTasha Putney because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.  Dkt. 2, 10. Although Ms. Putney's termination form states that she was terminated for "low productivity levels," an analysis of productivity data by Plaintiffs' expert supports a finding that Ms. Putney met Defendants' productivity requirements.  *Compare* Exs. 1, 2.  None of the witnesses identified by Defendants, who have testified to date, have criticized Ms. Putney's productivity.

*See* Ex. 3 at 87:8-87:17 and 89:10-14; Ex. 4[1] at 81:22-82:12, Ex. 5 at 43:11-44:8 and 60:2-12; Ex. 6 at 60:15-24.   Indeed, in addition to testifying that he believed that Ms. Putney was a top performer, one witness disclosed by Defendants testified that he believed that Ms. Putney was terminated because of her pregnancy.   Ex. 5 at 43:11-44:8 and 60:2-12.   Another witness admitted that he complimented Ms. Putney for doing a good job on an account.   Ex. 3 at 87:8-87:17.

Under *McKennon v. Nashville Banner Publishing Company,* 513 U.S. 352 (1995), an employer may limit a claimant's economic damages by showing that the claimant engaged in conduct, prior to her termination, which was so severe that she would have been terminated on those grounds alone if the employer had known about her alleged conduct at the time that it occurred.   *See id.* at 363.   In the present case, Defendants assert that "Plaintiff's damages, if any, are barred or limited based upon the doctrine of 'after-acquired evidence.'"   Dkt. 17 at 5; Dkt. 23 at 6.   Specifically, Defendants assert that, after Ms. Putney was terminated, Defendants learned that Ms. Putney brought illegal drugs to Defendants' premises, showed the drugs to co-workers, and discussed selling the drugs after work to make more money.[2]   Defendants further assert that, had they learned of this alleged activity while Ms. Putney was still employed, she would have been terminated for her alleged conduct.   Ex. 7.

Witness testimony during depositions held on May 19 and 20, 2008 revealed that Defendants first learned of the alleged conduct underlying its after-acquired evidence defense after the present action was filed on September 26, 2007.   Dkt. 1; Ex. 4 at 138:3-139:25; Ex. 6 at

---

[1] Exhibits 4, 5 and 6 are being filed separately, under seal.

[2] Defendants also allege that, after Ms. Putney's termination, they learned that she searched for other employment while on the clock for Defendants.   In this motion, Plaintiffs do not seek relief regarding this portion of Defendants' after acquired evidence defense.

13:14-14:2.

On May 29, 2008, Plaintiffs provided Defendants with a stipulation that Plaintiffs do not seek back pay damages for Ms. Putney beyond September 1, 2007.  Ex. 8.  In light of Plaintiffs' stipulation that their claim for economic damages cut off prior to the date on which Defendants purportedly learned of Ms. Putney's alleged conduct, Defendants' after acquired evidence defense is moot.  However, Defendants have indicated that, in spite of the stipulation, they still intend to question Ms. Putney regarding the allegations underlying Defendants' after-acquired evidence defense at Ms. Putney's June 5, 2008 deposition.

## II.  Certificate of Compliance with Local Rule 7.1 and Fed. R. Civ. P. 26(c)

On May 23, 2008, Plaintiffs' counsel, Jennifer Randall and Mark Berumen, conferred by phone with defense counsel regarding the present motion.  During the conversation, Plaintiffs' counsel stated that, based on the testimony from the May 19 and 20, 2008 depositions, it appeared that Defendants did not learn of the alleged conduct underlying Defendants' after-acquired evidence defense until after the present lawsuit was filed on  September 26, 2007.  Defendants' counsel confirmed that Defendants learned of the after-acquired evidence after the present lawsuit was filed.  Plaintiffs' counsel then advised defense counsel that, in light of these facts, Plaintiffs would be providing Defendants with a stipulation that Plaintiffs did not seek economic damages for Ms. Putney beyond September 1, 2007.

Plaintiffs' counsel asked defense counsel whether, in light of the stipulation, Defendants intended to ask Ms. Putney questions related to Defendants' after-acquired evidence defense at Ms. Putney's June 5, 2008 deposition.  When defense counsel indicated that she would continue to seek discovery of evidence related to Defendants' after-acquired evidence defense, although

Plaintiffs' stipulation rendered the defense moot, Plaintiffs' counsel advised defense counsel of their intention to move for a protective order. Defense counsel indicated that her clients would oppose the Motion for Protection, and stated that no additional conferencing on the issue would be necessary.

## IV.   Argument

### 1.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(c)(4), upon motion by a party, and for good cause shown, the Court in the district where a deposition is to be taken may make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including an order that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters.

Where, as here, the relevance of a discovery request is not readily apparent, the party seeking discovery must demonstrate that the information sought is relevant to the claim or defense of a party. *Trujillo v. Bd. of Ed. of the Albuquerque Public Schools,* No. 02-cv-1146, 2007 WL 1306560 at *3-4 (D.N.M. March 12, 2007) (unpublished opinion, attached); *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 616 (D. Kan. 2005). "'[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression or undue burden or expense.' FED. R. CIV. P. 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery processes.'" *Trujillo*, 2007 WL 1306560 at *3, quoting *Herbert v. Lando,* 441 U.S. 153, 177 (1979).

If the party seeking discovery meets its initial burden of demonstrating relevance, the burden shifts to the party resisting discovery to establish lack of relevance by demonstrating that the requested discovery either: (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1) and case law; or (2) is of such marginal relevance that the potential harm discovery would cause outweighs the ordinary presumption in favor of broad disclosure. *Trujillo,* 2007 WL 1306560 at *4, citing *Seattle Times v. Rhinehart,* 467 U.S. 20, 35 & n.21 (1984); *Sanderson v. Winner,* 507 F.2d 477, 480 (10th Cir. 1974).

Where, as here, the relevance of the requested information is at issue, the Court must balance the relevance of the information sought against the burden imposed upon the party resisting discovery. *In re: Coordinated Pretrial Proceedings in Petroleum Products Anti-Trust Litigation,* 669 F.2d 620, 623 (10th Cir. 1982).

In the present case, Defendants cannot meet their initial burden of showing that information related to Ms. Putney's alleged possession of illegal drugs while on Defendants' premises and alleged comments to co-workers about selling illegal drugs is relevant to any remaining claim or defense in the present case. Defendants' after-acquired evidence defense is moot in light of Plaintiffs' stipulation regarding Plaintiffs' claim for economic damages. Further, Defendants' pursuit of this line of inquiry leaves Ms. Putney open to the threat of criminal prosecution. For these reasons, Plaintiffs respectfully request that the Court issue a protective order barring Defendants from questioning Ms. Putney about her possession, use and/or discussion of illegal drugs during her employment by Defendants. In the alternative, Defendants should only be permitted to ask Ms. Putney to respond, on the record, to Defendants' Requests for Admission and to Defendants' Interrogatory No. 13.

2.     **Evidence Related to Ms. Putney's Alleged Search for Work on the Clock and Alleged Possession and/or Use of Drugs Is No Longer Relevant to Any Claim or Defense in this Case**

In *McKennon v. Nashville Banner Publishing Company,* 513 U.S. 352 (1995), the United States Supreme Court held that an employer may limit a claimant's economic damages by showing that the claimant engaged in conduct, prior to her termination, which was so severe that she would have been terminated on those grounds alone if the employer had known about her alleged conduct at the time that it occurred. *See id.* at 363. If a defendant employer successfully establishes the after-acquired evidence defense, the time period for which the claimant may recover back pay is limited to the date of the unlawful discharge to the date that the new information was discovered. *See id.* at 362.

While permitting employers to use the after-acquired evidence defense, the United States Supreme Court recognized the substantial concern that "employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job" under the pretext of discovering evidence which might support an after-acquired evidence theory. *Id.* at 363. The Supreme Court observed that courts should use their authority to invoke the appropriate provisions of the Federal Rules of Civil Procedure and award attorney's fees to deter such abuses. *Id.*

In the present case, Defendants' after-acquired evidence defense is moot now that Plaintiffs have stipulated that their claims for economic damages cut off prior to the date on which Defendants purportedly learned of Ms. Putney's alleged workplace conduct. However, in the face of evidence that Defendants' stated reason for terminating Ms. Putney is false, and that at least one witness listed by Defendants believes that Ms. Putney was terminated because she

7

was pregnant, Defendants seem determined to do as much as possible to annoy, embarrass and oppress Ms. Putney, in order to discourage her from continuing with the present suit. Defendants' continued pursuit of information regarding Ms. Putney's alleged illicit conduct is abusive, and intended only to annoy, embarrass and oppress Ms. Putney.

Courts have granted motions for protection, and found that the Rule 26(c) good cause requirement had been met, where parties have sought discovery of irrelevant information which would have the effect of annoying, embarrassing or oppressing the claimant.  *See e.g. Favale v. Roman Catholic Diocese of Bridgeport,* 233 F.R.D. 243, 246-247 (D. Conn. 2005) (denying motion to compel, and granting motion for protection, where information regarding a supervisor's treatment for anger management, psychological or psychiatric conditions did not pertain to any claims or defenses in the action).  Further, courts have recognized that the threat of oppression is especially strong where the requesting party's inquiry could lead to possible criminal prosecution.  Thus, in *EEOC v. BICE of Chicago,* 229 F.R.D. 581 (N.D. Ill. 2005), the court granted the EEOC's motion for protection barring all discovery regarding the claimant's immigration status where the information was not relevant to claims or defenses in the case,[3] and the questions would be oppressive and have a chilling effect on victims of employment discrimination.  *See id.* at 582-583.  Similarly, in *EEOC v. First Wireless Group, Inc.,* 225 F.R.D. 404 (E.D.N.Y. 2004), the court held that the magistrate judge properly granted EEOC's motion for protection where discovery of the claimants' immigration status would cause them embarrassment, and subject them to possible criminal charges and deportation if their status was

---

[3]The EEOC did not seek front pay, back pay, lost wages or benefits for the Charging Parties in *BICE.*  229 F.R.D. at 583.

found to be illegal.  *See id.* at 406.

In the present case, as in *BICE* and *First Wireless,* the information sought by Defendants is not relevant to any of the remaining claims or defenses in this matter, and may subject Ms. Putney to criminal prosecution.  Because the information sought by Defendants is no longer relevant to the claims or defenses in the present action, and would have the effect of oppressing Ms. Putney, the potential harm discovery would cause outweighs the ordinary presumption in favor of disclosure.  *Trujillo,* 2007 WL 1306560 at *4.  Accordingly, Plaintiffs' Motion for Protection should be granted.

**3.      In the Alternative, Defendants' Inquiry Should Be Limited to Ms. Putney's Responses to the Questions Posed in Defendants' Requests for Admission and Interrogatories**

Prior to Plaintiffs' stipulation regarding Ms. Putney's economic damages, Plaintiffs provided Defendants with a response – in the form of denials – to several Requests for Admission related to the after-acquired evidence defense.  Exs. 9, 10.  During Local Rule 7.1 discussions regarding the present motion, defense counsel stated that she was entitled to question Ms. Putney about her responses to the Requests for Admission, in order to establish that Ms. Putney's prior sworn statements, in the form of Plaintiffs' discovery responses, were not truthful.

In the event that the Court does not grant Plaintiffs' request for an order that Ms. Putney's alleged possession and/or use of illegal drugs while on Defendants' premises and comments to co-workers about allegedly selling illegal drugs not be inquired into at Ms. Putney's deposition, Plaintiffs respectfully request a ruling that Defendants only be permitted to ask Ms. Putney to respond, on the record, to Defendants' Requests for Admission and to Defendants' Interrogatory No. 13. Such a ruling would minimize the annoyance, embarrassment

and oppression to Ms. Putney, while permitting Defendants to carry out their stated purpose of examining the veracity of Ms. Putney's prior responses to Defendants' discovery request, balancing the relevance of the information sought by Defendants against the burden imposed upon Plaintiffs, and in particular, Ms. Putney.  *See In re: Coordinated Pretrial Proceedings in Petroleum Products Anti-Trust Litigation,* 669 F.2d 620, 623 (10th Cir. 1982).

### V.    Conclusion

Based on Plaintiffs' stipulation, Defendants' after acquired evidence defense is now moot, and the information sought by Defendants is no longer relevant.  Defendants' continued pursuit of information related to Ms. Putney's alleged possession and/or use and/or sale of illegal drugs during her employment by Defendants is annoying, embarrassing and oppressive, especially in light of the potential for criminal prosecution of Ms. Putney.  For these reasons, Plaintiffs respectfully request that the Court issue a protective order barring Defendants from questioning Ms. Putney about her possession, use and/or discussion of illegal drugs during her employment by Defendants. In the alternative, Plaintiffs respectfully request that Defendants only be permitted to ask Ms. Putney to respond, on the record, to Defendants' Requests for Admission and to Defendants' Interrogatory No. 13.

Dated:  May 29, 2008                                       Respectfully Submitted,


 _s/ Jennifer Randall_____          __s/ Mark Berumen_____
Jennifer Randall, Esq.                                 Mark Berumen, Esq.
EQUAL EMPLOYMENT OPPORTUNITY           BERUMEN LAW FIRM, P.C.
        COMMISSION
303 E. 17th Ave, Suite 410                        1450 S. Havana Street, Suite 412
Denver, CO  80203                                    Denver, CO  80012

jennifer.randall@eeoc.gov                          markberumen@berumenlaw.com
303-866-1378                                       303-751-2128
Attorney for Plaintiff EEOC                        Attorney for Plaintiff Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2008, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system which will send notification of such filing to the following attorneys of record

at the following email addresses:

Kristi Blumhardt
kblumhardt@mdmlawco.com


  _s/ Jennifer Randall_____

Jennifer Randall
Trial Attorney