**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:   07-cv-02009-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                              Plaintiff,

and

LATASHA PUTNEY,

                              Plaintiff Intervenor

        v.

PROFESSIONAL BUREAU OF COLLECTIONS, INC.

and

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,

                              Defendants.

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF PLAINTIFFS' MEDICAL RECORDS**

      Plaintiff Equal Employment Opportunity Commission and Plaintiff Intervenor LaTasha Putney, by and through their respective counsel, submit the following Brief in Opposition to Defendants' Motion To Compel Production of Plaintiff's Medical Records. (Dkt. 57.) Plaintiffs are submitting the gynecological records in question for *en camera* review by the Court in conjunction with this opposition brief.

**INTRODUCTION**

      In this public enforcement action, the EEOC alleges that Defendants terminated LaTasha Putney because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, as

amended by the Pregnancy Discrimination Act.  Dkt. 2.  Ms. Putney has intervened in this action.  Dkt. 10.

In the present motion, Defendants seek to compel gynecological records from Ms. Putney's pregnancy.  Defendants appear to assert that they are entitled to the gynecological records from Ms. Putney's pregnancy for three reasons:[1]  (1) Ms. Putney's pregnancy is a "central issue" in this case; (2) Plaintiffs' initial disclosures (mistakenly) referenced aggravation of pre-existing physical or emotional conditions; and (3) Plaintiffs claim to have redacted information based on privacy concerns, but are in fact attempting to hide information which does not support their theory of the case.

Defendants' motion should be denied because Plaintiffs have already provided Defendants with all of the relevant documents, including information regarding Ms. Putney's doctors' visits between the August 22, 2006 confirmation of her pregnancy and her September 1, 2006 termination, all references to Ms. Putney's employment status, and all statements which could be interpreted as reflections of Ms. Putney's emotional state.

While Defendants dispute whether Ms. Putney was pregnant at the time of her September 1, 2006 termination, and whether the individuals who terminated her were aware of her pregnancy, the majority of the records that Defendants seek to compel pertain to doctor's visits which occurred *after* Ms. Putney's termination.  Thus, the gynecological records simply are not relevant to the question of whether Ms. Putney was pregnant at the time of her September 1, 2006 termination, or whether her supervisors were aware of her pregnancy.

Defendants attempt to argue that that Plaintiffs' mistaken statement, in their initial

---

[1] Defendants devote a significant portion of their brief to the physician-patient privilege; Plaintiffs have not redacted or withheld information on this basis.

disclosures, that Ms. Putney experienced aggravation of a pre-existing medical condition as a result of her termination by Defendants was somehow an admission on Plaintiffs' part. Contrary to Defendants' argument, an initial disclosure is not equivalent to a party admission. The Federal Rules of Civil Procedure provide a mechanism to correct incorrect information in initial disclosures, and Plaintiffs have repeatedly advised Defendants – through supplemental disclosures, discovery responses and correspondence – that Ms. Putney did not experience aggravation of a pre-existing medical condition as a result of her termination. Plaintiffs' mistaken statement in their initial disclosures does not increase the scope of discovery in this case.

The Court's *en camera* review of the gynecological records from Ms. Putney's pregnancy will show that Plaintiffs have provided Defendants with all references to Ms. Putney's employment status, as well as all statements which could be interpreted as references to Ms. Putney's emotional state.

## FACTUAL BACKGROUND

*(1)   Ms. Putney's Pregnancy*

LaTasha Putney's pregnancy was confirmed on August 22, 2006. Defendants terminated Ms. Putney shortly thereafter, on September 1, 2006. Ms. Putney gave birth to her son in April 2007.

With regard to doctor's visits which occurred prior to Ms. Putney's September 1, 2006 termination, Plaintiffs have provided Defendants with copies of affidavits from the doctor who confirmed Ms. Putney's pregnancy on or about August 22, 2006, and from the doctor who treated Ms. Putney in relation to her pregnancy on or about August 24, 2006. Exhibits 1 and 2.

3

Defendants have deposed one of the doctors, who confirmed that Ms. Putney was diagnosed as pregnant prior to her September 1, 2006 termination by Defendants. Exhibit 3 at 36:12-37:4. Plaintiffs have also provided Defendants with copies of the doctors' notes from these visits. Exhibit 4. Further, Plaintiffs have also offered to stipulate that notes given to Ms. Putney by her physicians are not included in her gynecological records. Exhibit 5 at 2. Defendants did not respond to Plaintiffs' offer to stipulate.

Documents from Ms. Putney's personnel file, produced by Defendants in this case, show that Ms. Putney was pregnant at the time of her termination. Exhibit 6, 7. Further, Ms. Putney's former co-workers (designated as witnesses by Defendants) have testified that they learned of Ms. Putney's pregnancy while Ms. Putney was working for Defendants. Exhibit 8 at 56:8-19, Exhibit 9 at 114:4-8, Exhibit 10 at 69:23-70:3, 70:20-25.

*(2)   Ms. Putney Has Not Experienced Aggravation of a Pre-Existing Medical Condition*

Plaintiffs mistakenly stated, in their initial disclosures, that Ms. Putney experienced aggravation of a pre-existing medical condition as a result of her termination.[2] However, as Plaintiffs have repeatedly conveyed through their supplemental disclosures, discovery responses and correspondence with Defendants, Ms. Putney did not experience aggravation of a pre-existing medical condition, and Plaintiffs do not seek damages to compensate Ms. Putney for aggravation of a pre-existing medical condition. *See* Dkt. 57, Exhibit F at 6-7 (Response to Request No. 5); Exhibit G at 2; Exhibit J at 5-6 (Response to Request No. 5); Exhibit M. *See also* Exhibit 11 at 5-6 (Response to Request No. 5); Exhibit 12 at 5-6; Exhibit 5 at 3.

---

[2]The mistake occurred as a result of working from initial disclosures from a prior case.

*(3)     Plaintiffs Have Provided Defendants With Ms. Putney's Comments to Her Physicians*

Plaintiffs have provided Defendants with copies of the gynecological records redacted to show all statements which could be interpreted as reflecting Ms. Putney's emotional state at the time, as well as all records containing reference to her employment status. Dkt. 57, Exhibit N. As Plaintiffs' May 28, 2008 letter to Defendants explained,

> The medical records do not contain any mention of Ms. Putney's termination by Defendants, or her emotional state. The medical records do contain two references to Ms. Putney's employment status, these documents are being produced to Defendants with the Bates Stamp EEOC 150, [and] 157-158. Out of an abundance of caution, Plaintiffs are also producing the portions of Ms. Putney's medical records which contain references to "distress," "problems" or "feeling well," although we believe these references pertain to her physical state/pregnancy and not her emotional state. (EEOC 146-147, 148-149, 151-156.)

Exhibit 5 at 3. In conjunction with this Opposition Brief, Plaintiffs submit a non-redacted copy of Ms. Putney's gynecological records to the Court for *en camera* review.

Plaintiffs have redacted and withheld the gynecological records from Ms. Putney's pregnancy because they are not relevant to the present case, and because they pertain to some of the most private areas of a woman's life. As the Court will see in its *en camera* review, the records contain information that is deeply personal, and simply irrelevant to the present case.[3]

***"Certificate of Conferral"***

Plaintiffs advised Defendants, on the afternoon of June 5, 2008, that Plaintiffs oppose the present Motion. Plaintiffs further advised Defendants that, if Defendants continued to question whether Ms. Putney made any comments to the physicians treating her during her pregnancy

---

[3] Defendants observe that Plaintiffs' February 25, 2008 privilege log did not list any gynecological records. Dkt. 57 at 6 n.2. Defendants fail to mention that, as of February 25, 2008, Plaintiffs were still in the process of obtaining Ms. Putney's gynecological records. Dkt. 57, Exhibit F at 6-7 (response to Request No. 5). Prior to obtaining and reviewing the gynecological records from Ms. Putney's pregnancy, Plaintiffs could not determine what, if any, privileges would be appropriate.

regarding emotional distress, Plaintiffs would submit the gynecological records for *en camera* review by the Court. Exhibit 13.

## ARGUMENT

**1. Plaintiffs Have Provided Defendants With Redacted Gynecological Records Reflecting Ms. Putney's Statements to Her Physicians**

Plaintiffs do not dispute that Ms. Putney's emotional state is at issue in this case, as a result of Plaintiffs' claim for garden variety emotional distress damages. However, an emotional distress claim does not give Defendants an unfettered right to pursue discovery into the claimant's entire medical history. *EEOC v. Woodmen of the World Life Ins. Society,* No. 03-cv-165, 2007 WL 649298 at \*3 (D. Neb. Feb. 1, 2007) (unpublished opinion, attached). Thus, in *Woodmen*, the court held that the defendant-employer had not shown that the claimant's gynecological records were relevant to her claims of emotional distress. *See id.* at \*3.

Similarly, in *Simpson v. University of Colorado,* 220 F.R.D. 354 (D. Colo. 2004), the court found that the defendants were only entitled to discover the records from the plaintiff's therapy, and "other medical records . . . ***to the extent those medical records specifically reference or describe [her] emotional or psychological condition***." *See id.* at 365 (emphasis added). And in another District of Colorado decision, the court denied the defendant-employer's motion to compel medical records where the plaintiffs had already agreed to provide the defendant-employer with information regarding medical or psychiatric treatment received in relation to the alleged discriminatory conduct, and where the defendant employer had failed to establish the relevance of the requested medical information or explain how its asserted need for the medical information outweighed the potential invasion of the plaintiffs' privacy rights. *See Calahan v. Public Service Company of Colorado*, No. 96-cv-1742 at 3 (D. Colo. May 12, 1997)

(unpublished opinion, attached).

While Ms. Putney's emotional state is at issue in this case, her general gynecological condition is not.[4] As in *Woodmen* and *Simpson*, not all of the information in the gynecological records from Ms. Putney's pregnancy is relevant to the present case. The records which Defendants seek to compel contain information, such as descriptions of the patient's feminine anatomy, which is not only irrelevant but extremely private. Plaintiffs have provided Defendants with the relevant information in the file, including redacted copies of all statements in the gynecological records which could be interpreted as reflecting her emotional state at the time, as well as all records containing reference to her employment status. As in *Calahan*, Defendants have not shown how their asserted need for the additional, irrelevant information that they seek outweighs the invasion of Ms. Putney's privacy rights.

Defendants' motion asserts that Defendants have a right to review the gynecological records themselves, in order to determine whether information is relevant. However, in *Simpson v. University of Colorado,* 220 F.R.D. 354 (D. Colo. 2004), the court conducted an *en camera* review before holding that the defendant was only entitled to excerpts of the plaintiffs' diary which were relevant to the claims and defenses in the action, as opposed to the complete diary. *See id.* at 360-362. In so ruling, the court observed that the vast majority of diary entries at issue made no reference to the events at issue in the lawsuit, and were irrelevant to the plaintiffs' claims. *See id.* at 362. Similarly, in the present case, the majority of the information in the gynecological records from Ms. Putney's pregnancy records pertain neither to the issue of whether Ms. Putney was pregnant at the time of her termination by Defendants, nor to the issue

---

[4]Apart from the limited issue of whether she was pregnant at the time of her September 1, 2006 termination, as discussed *infra* in Section 2.

of her emotional state, nor to the issue of her employment status following her termination by Defendants.  Simply put, the majority of the information in the gynecological records from Ms. Putney's pregnancy is not relevant to the present case.

Defendants assert that there is "no coherent logic driving the [Plaintiff's] redactions." Dkt. 57 at 6.  However, the Court's *en camera* review will show that this is not the case. Plaintiffs provided Defendants with all references to Ms. Putney's employment status.  *See* Dkt. 57, Exhibit N at 150, 157 and 158.  Plaintiffs also provided Defendants with notations containing references to "doing great," "generally feeling fine," "feeling well," and "feeling much better," although Plaintiffs believe these references pertain to Ms. Putney's physical condition/pregnancy and not her emotional state. *See* Dkt. 57, Exhibit N at EEOC 151-155. The notation at EEOC 156 provides information regarding the visit prior to the one in which Ms. Putney reported that she was "feeling much better" (EEOC 155), lest Defendants question whether that comment pertained to Ms. Putney's emotional state.  *See id.*

Defendants assert that Plaintiffs failed to produce the name of the doctor, and date of the examination, for the notes on EEOC 147.  That information was produced to Defendants, on EEOC 146.  *Compare en camera* documents EEOC 167-168.

Similarly, the Court's comparison of the documents Bates Stamped EEOC 160 and EEOC 162 with *en camera* documents EEOC 190 and EEOC 192 will make clear that Defendants' assertion that Plaintiffs redacted information regarding a pelvic exam from EEOC 160, but failed to redact similar information from EEOC 162, is incorrect.

Plaintiffs have provided Defendants with the information that is relevant to the present action.  Because the information redacted and withheld by Plaintiffs is both extremely private

8

and irrelevant to the issues in this case, Plaintiffs respectfully request that, after an *en camera* review of the gynecological records in question, Defendants' Motion to Compel be denied.

**2.      Defendants Do Not Need Additional Gynecological Records To Evaluate Whether Ms. Putney Was Pregnant At the Time of Her September 1, 2006 Termination**

Defendants assert that Ms. Putney's pregnancy is "central" to the claims and defenses in this case. (Dkt. 57 at 2.) Defendants dispute whether Ms. Putney was pregnant at the time of her September 1, 2006 termination, and whether the individuals involved in Ms. Putney's termination were aware her pregnancy at the time of her September 1, 2006 termination. However, the majority of the gynecological records in question are simply not relevant to whether Ms. Putney was pregnant at the time that she was terminated, or to whether the individuals involved in the decision to terminate Ms. Putney were aware of her termination, because the gynecological records document doctor's visits which occurred *after* Ms. Putney's termination.

Plaintiffs have provided Defendants with doctor's statements and gynecological records regarding Ms. Putney's visits to the doctor between the August 22, 2006 confirmation of her pregnancy and her September 1, 2006 termination, and have offered to stipulate that notes given to Ms. Putney by her physicians during these visits are not included in her file. Defendants have deposed one of Ms. Putney's treating physicians, who confirmed that Ms. Putney was diagnosed as pregnant prior to her termination. Defendants have additional evidence of Ms. Putney's pregnancy in the form of a leave slip and medical record, *from Ms. Putney's personnel file* referencing her pregnancy, and testimony from other employees (designated as witnesses by Defendants) that they learned of Ms. Putney's pregnancy prior to her termination by Defendants. In light of this evidence, it is unclear why Defendants would continue to dispute that Ms. Putney

was pregnant at the time of her termination, other than to annoy, embarrass and oppress her.

**3.      Ms. Putney Did Not Experience Aggravation of a Pre-Existing Medical Condition as a Result of Her Termination by Defendants**

Plaintiffs' initial disclosures in this case inadvertently stated that Ms. Putney experienced aggravation of a pre-existing medical condition as a result of her termination. Pursuant to Federal Rule of Civil Procedure 26(e)(1), Plaintiffs supplemented their initial disclosures, to remove this assertion, upon learning that it was incorrect. While Defendants would like to conduct discovery based on Plaintiffs' initial, inadvertent disclosure, those disclosures have since been corrected through Plaintiffs' February 25, 2008 supplemental disclosures.

Defendants attempt to treat Plaintiffs' Initial Disclosures as an admission, arguing that Plaintiffs' statement that Ms. Putney did not suffer aggravation of pre-existing medical condition as a result of Defendants' discriminatory conduct "was incorrect, as a shown by Plaintiffs' Initial disclosures of December 20, 2007 and January 2, 2008. . . ." Dkt. 57 at 4, note 1. However, as Chief Judge Nottingham recently recognized, there are only five types of documents which constitute a pleading – and therefore a party admission – in a case: complaints, answers, answers to cross-claims, third-party complaints, and third party answers. *See Greenlee v. Southwest Health Systems, Inc.,* No. 06-cv-00103, 2007 WL 2320544 at *21-22 (D. Colo. Aug. 10, 2007) (unpublished opinion, attached), *citing* FED. R. CIV. P. 7(a) and *Frank v. Bloom,* 634 F.2d 1245, 1251 (10th Cir. 1980).

Contrary to Defendants' assertion, initial disclosures are not an admission. Like the statements in a scheduling order and preliminary pre-trial order at issue in *Greenlee*, initial disclosures are preliminary statements by counsel whose purpose is to apprise the Court and the other parties of the anticipated trajectory of a case. 2007 WL 2320544 at *22. Indeed, the fact

10

that Rule 26(e)(1) provides for supplementation of disclosures where information disclosed is found to be incorrect makes clear that Rule 26 initial disclosures are not intended to be treated as admissions. Accordingly, inadvertent incorrect statements in Plaintiffs initial disclosures, which were later corrected pursuant to Rule 26(e), should not be treated as admissions in the present case, and should not serve as the basis for determining the scope of discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Compel Production of Plaintiff's Medical Records be denied.

Dated: June 30, 2008                                              Respectfully Submitted,


_s/ Jennifer Randall_____               __s/ Mark Berumen_____
Jennifer Randall, Esq.                                           Mark Berumen, Esq.
EQUAL EMPLOYMENT OPPORTUNITY            BERUMEN LAW FIRM, P.C.
        COMMISSION
303 E. 17th Ave, Suite 410                                 1450 S. Havana Street, Suite 412
Denver, CO  80203                                            Denver, CO  80012
jennifer.randall@eeoc.gov                                 markberumen@berumenlaw.com
303-866-1378                                                       303-751-2128
Attorney for Plaintiff EEOC                              Attorney for Plaintiff Intervenor

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record at the following email addresses:

Kristi Blumhardt
kblumhardt@mdmlawco.com

    _s/ Jennifer Randall_____

Jennifer Randall
Trial Attorney