# Exhibit 5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver Field Office**

303 East 17th Avenue, Suite 410
Denver, CO 80203
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Denver Status Line: (866) 408-8075
Denver Direct Dial: (303) 866-1359
TTY (303) 866-1950
FAX (303) 866-1085

May 28, 2008

*Via Electronic Mail*

Kristi Blumhardt
McElroy, Deutsch, Mulveny & Carpenter, LLP
1700 Broadway, Suite 1900
Denver, CO 80290

      RE:   *EEOC v. Professional Bureau of Collections, Inc.*
              Civil Action No. 07-cv-02009-WYD-MJW

Dear Ms. Blumhardt:

      I write in response to defense counsel's e-mail of May 22, 2008, and to follow up on our telephone conversation on May 23, 2008.

### Background

      On April 28, 2008, Defendants sent Plaintiffs a letter regarding Plaintiffs' February 25, 2008 responses to Defendants' discovery requests. Although this was the first time that Defendants had contacted Plaintiffs about the responses since they were served (more than two months earlier), Defendants threatened to file a motion to compel if Plaintiffs did not supplement their responses in just four days' time.

      While observing that Defendants' demand was not in keeping with the spirit of Local Rule 7.1, Plaintiffs timely responded to Defendants' letter on May 2, 2008. Plaintiffs closed their letter by offering to set up a telephone conference in the event that Defendants wanted to further discuss the issues raised in Defendants' April 28, 2008 letter. Defendants did not respond to Plaintiffs' offer to participate in a conference call. Instead, more than two weeks after Plaintiffs' May 2, 2008 response, Defendants sent Plaintiffs a follow up e-mail threatening court action if Plaintiffs did not reply "shortly."

      Upon receiving Defendants' May 22, 2008 e-mail, Plaintiffs contacted Defendants to set up a conference call on the issues raised in the e-mail.

      Although Defendants have once again failed to comply with Local Rule 7.1, Plaintiffs provide the following response to the issues raised by Defendants:

May 28, 2008
Page 2

***Dr. Loran and Dr. Herrald***

Defendants' e-mail of May 22, 2008 asserts that Plaintiffs' disclosure of Dr. Loran and Dr. Herrald as witnesses was untimely. Plaintiffs note that Dr. Loran and Dr. Herrald are Ms. Putney's treating physicians, and are not offered as expert witnesses in this case.

Pursuant to Rule 26(e) of the Federal Rule of Civil Procedure, a party is under a duty to supplement its disclosures if the party learns that in some material respect the information disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

The present fact discovery cut-off – June 5, 2008 – is still more than a week away. (Dkt. 41.) Plaintiffs produced a copy of Dr. Loran's affidavit to Defendants on May 2, 2008. Plaintiffs produced a copy of Dr. Herrald's affidavit to Defendants on May 13, 2008. Although Drs. Loran and Herrald had "otherwise been made known" to Defendants through the discovery process, Plaintiffs provided Defendants with a supplemental Rule 26 disclosure, identifying both doctors as fact witnesses in this case, on May 19, 2008. As defense counsel knows, May 19, 2008 is well before the June 5, 2008 fact discovery cut-off, as was May 2, 2008 and May 13, 2008. Defendants' assertion that Plaintiffs' disclosure of Drs. Loran and Herrald is untimely has no factual or legal support, and Plaintiffs decline to strike these witnesses.

To the extent that Defendants continue to maintain that Dr. Loran and Dr. Herrald were untimely disclosed, please provide Plaintiffs with legal authority supporting Defendants' position.

***Putney Medical Records***

Defendants have ample evidence that Ms. Putney was pregnant at the time of her termination. Ms. Putney's personnel file, which was produced by Defendants during the present litigation, contains a leave slip and a doctor's note referencing Ms. Putney's pregnancy (PBC 0011 and 0013-0014). The leave slip, signed by Supervisor Chris Velasquez, states, "problems with pregnancy." (PBC 0011.) In addition, during the present litigation, Plaintiffs have produced affidavits from Drs. Loran and Herrald, as well as the birth certificate of Ms. Putney's son. Dr. Loran's affidavit discusses his diagnosis and treatment of Ms. Putney in August 2006, and Dr. Herrald's affidavit discusses his treatment of Ms. Putney in August 2006, as well as a note Ms. Putney was given for her employer. (The note is not in Ms. Putney's medical records, and Plaintiffs will so stipulate.)

The fact that documents in Defendants' own personnel records reflect the fact that Ms. Putney was pregnant during her employment with Defendants, and the fact that Defendants are moving to strike Ms. Putney's treating physicians as witnesses while demanding her medical records, strongly suggests that, rather than seeking relevant information in this case, Defendants are seeking to annoy, embarrass and oppress Ms. Putney. However, in a good faith effort to comply with Defendants' discovery request, Plaintiffs produce Dr. Loran and Dr. Herrald's notes from Ms. Putney's visits, Bates Stamped EEOC 141-145. Plaintiffs also produce medical records from Ms. Putney's August 30, 2006 emergency room visit. (EEOC 159-162.)

May 28, 2008
Page 3

Defendants' letter of April 28, 2008 and e-mail of May 22, 2008 discussed Ms. Putney's medical records in terms of her pregnancy. However, during our telephone conversation on May 23, 2008, defense counsel stated that medical records from Ms. Putney's pregnancy are relevant not only to the issue of whether Ms. Putney was pregnant during her employment with Defendants, but also to her claim for emotional distress damages.

As Plaintiffs' February 25, 2008 response to Defendants' Request for Production No. 5 stated, Plaintiffs do not allege that Ms. Putney suffered aggravation of pre-existing physical or emotional conditions as a result of Defendants' discriminatory conduct. Ms. Putney suffered garden variety emotional distress as a result of Defendants' discriminatory conduct.

Plaintiffs have reviewed the medical records from Ms. Putney's pregnancy. The medical records do not contain any mention of Ms. Putney's termination by Defendants, or her emotional state. The medical records do contain two references to Ms. Putney's employment status, these documents are being produced to Defendants with the Bates Stamp EEOC 150, 157-158. Out of an abundance of caution, Plaintiffs are also producing the portions of Ms. Putney's medical records which contain references to "distress," "problems" or "feeling well," although we believe these references pertain to her physical state/pregnancy and not her emotional state. (EEOC 146-147, 148-149, 151-156.)

*Cell Phone Records*

Defendants assert that records of Ms. Putney's cell phone calls during her employment with PBC are relevant to their after acquired evidence defense.[1] Plaintiffs maintain that this request has been brought solely for the purpose of annoyance, embarrassment and oppression.

Subject to and without waiving this objection, Plaintiffs have asked Ms. Putney's cell phone provider about the availability of Ms. Putney's cell phone records for the period between June 12, 2006 and September 1, 2006. As the attached correspondence from Ms. Putney's cell phone provider shows, her cell phone records from that time period are not available. Her cell phone provider only retains the data from which call detail records are created for six months.

*Prior Employment*

Defendants' letter of April 28, 2008 made no reference to Ms. Putney's employment prior to PBC. Defendants now assert that their letter of April 28, 2008 sought this information, however, Defendants have not provided any authority for this position. This is not a promotion case, in which a plaintiff's qualifications would be relevant to her claim of discrimination. Similarly, Ms. Putney's earnings prior to her employment with PBC have no relevance to her back pay claim.

During our May 23, 2008 telephone conversation, defense counsel asserted that evidence regarding Ms. Putney's prior employment is relevant to the issue of her "employability," and that

---

[1] Plaintiffs understand that Defendants have narrowed the temporal scope of their request from "2006 to present" to the time during which Ms. Putney was on the clock during her employment with Defendants.

May 28, 2008
Page 4

evidence regarding Ms. Putney's earnings prior to being hired by Defendants is relevant to her claim for lost wages. To the extent that Defendants continue to maintain that they are entitled to this information, please provide Plaintiffs with authority for your position.

                                  Sincerely,

                                  Jennifer Randall
                                  EEOC Trial Attorney

CC:    Mark Berumen