# Exhibit 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:      07-cv-02009-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

           Plaintiff,

and

LATASHA PUTNEY,

           Plaintiff Intervenor

    v.

PROFESSIONAL BUREAU OF COLLECTIONS, INC.

and

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,

           Defendants.

**PLAINTIFF EEOC AND PLAINTIFF INTERVENOR'S**

**FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, the Equal Employment Opportunity Commission and Plaintiff Intervenor LaTasha Putney ("Plaintiffs") hereby submit their first supplemental objections and responses to Defendants Professional Bureau of Collections, Inc. and Professional Bureau of Collections of Maryland, Inc.'s ("Defendants" or "Professional Bureau of Collections") First Set of Requests for Production.

**I. General Objections**

Any objection, exemption or claim of privilege asserted will be described in detail with respect to each interrogatory, request or subpart. The responses set forth below are based on

Plaintiffs' knowledge to date. Plaintiffs reserve their rights (1) to use any additional evidence and information obtained in the course of formal and informal discovery in this action and (2) to timely amend, supplement or otherwise change these responses.

1. <u>Attorney-Client Privilege</u>:

The Equal Employment Opportunity Commission ("EEOC") asserts the attorney-client privilege with regard to communications between the agency and its attorneys, and with regard to communications between EEOC attorneys and claimants (in this case, LaTasha Putney) after a letter of determination has been issued. Plaintiff Intervenor asserts the attorney-client privilege with regard to communications between herself and her private counsel, and herself and the EEOC. To the extent that any discovery request by Defendants intrudes upon the attorney-client privilege, Plaintiffs object to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

2. <u>Common Interest Privilege:</u> The common interest rule protects the exchange of information and documents between individuals or entities that share a common legal interest. *See In re Qwest Communications Int'l Inc.,* 450 F.3d 1179, 1195 (10th Cir. 2006). *In re Auclair,* 961 F.2d 65, 69 (5th Cir. 1992); *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466-67 (11th Cir. 1984). The exchange of documents and information between the EEOC and intervenor-plaintiffs in lawsuits filed by the EEOC is protected under the common interest rule. *See e.g. Castle*, 744 F.2d at 1466-67. To the extent that any discovery by Defendants seeks information or documents exchanged between an individual (or entity), or the individual's attorney, and an attorney representing a person or entity that shares a common interest with the individual with respect to the legal matter to which the communication relates, Plaintiffs object to such discovery. All responses to this discovery request, including any supplementation, will be made

subject to and without waiving this objection.

      3.     <u>Request for Work Product/Material Prepared in Anticipation of Litigation</u>:

To the extent that any discovery request by Defendants seeks information or documents prepared in anticipation of litigation, Plaintiffs object to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

      4.     <u>Deliberative Thought Process Privilege</u>:

The deliberative thought process privilege shields from disclosure information and "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *U.S. Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The deliberative thought process privilege applies to the Equal Employment Opportunity Commission's internal deliberative materials. *See e.g. Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 881 (5th Cir. 1981), *Greyson v. McKenna & Cuneo,* 879 F. Supp. 1065, 1069 (D. Colo. 1995). To the extent that any discovery request by Defendants intrudes upon the deliberative thought process privilege, EEOC objects to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

      5.     <u>Unreasonably Cumulative, Duplicative or Burdensome Request</u>:

Disclosures made pursuant to the revised Federal Rule of Civil Procedure 26 are "the functional equivalent of court-ordered interrogatories." *See* Advisory Committee Notes on 1993 Amendments to Rule 26. In 1993, Rule 33 of the Federal Rules of Civil Procedure was amended to limit the number of interrogatories that each party may serve upon any other party without leave of court. This limitation was made in order to "reduce the frequency and increase the

efficiency of interrogatory process." *See* Advisory Committee Notes on 1993 Amendments to Rule 33. Indeed, "[b]ecause Rule 26(a)(1)(3) requires disclosure of much of the information previously obtained by this form of discovery, there should be less occasion to use it." *See id*. To the extent that any discovery request by Defendants contravenes the purpose or letter of the revised discovery rules or is made to elicit information or documents already provided through voluntary disclosures, or to elicit summaries of information or documents provided therein, Plaintiffs object to such discovery.

      6.      <u>Statutory Prohibition on Release of Conciliation Documents</u>:

To the extent that any discovery request by Defendants controverts the statutory prohibition on release of conciliation documents, Plaintiffs object to such discovery. All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

      6.      <u>Physician-Patient Privilege</u>:

To the extent that any discovery request by Defendants intrudes upon the physician-patient privilege or the federal common law privilege that protects psychotherapist-patient communications, Plaintiffs object to such discovery. *See Jaffee v. Redmond,* 518 U.S. 1, 9-10 (1996). All responses to this discovery request, including any supplementation, will be made subject to and without waiving this objection.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 5:** Please produce any and all medical records relating to all physical and/or psychological or psychiatric treatment provided to or sought by Ms. Putney from June 1, 1997, to the present.

**RESPONSE:**  Plaintiffs object to the extent that this request seeks information protected by the attorney client or attorney work product privilege, or the common interest doctrine.  Plaintiffs also object to this request on the grounds that it is overly broad, unduly burdensome and has been brought solely for the purpose of annoyance, embarrassment and oppression.  Plaintiffs do not allege that Ms. Putney suffered aggravation of pre-existing physical or emotional conditions as a result of Defendants' discriminatory conduct.  LaTasha Putney suffered garden variety emotional distress as a result of Defendants' discriminatory conduct.

To the extent that this request seeks to discover whether Ms. Putney sought medical treatment for the emotional harm she suffered as a result of Professional Bureau of Collections' discriminatory conduct, Plaintiffs object to this request on the grounds that it is cumulative and duplicative.  Plaintiff Intervenor LaTasha Putney's counsel already advised defense counsel, by letter dated January 10, 2008, that Ms. Putney has not sought medical treatment in relation to the emotional harm that she suffered as a result of Professional Bureau of Collection's discriminatory conduct.  Plaintiffs further object to this request to the extent that it implies that Ms. Putney must seek medical treatment in order to recover for the emotional harm she suffered as a result of Professional Bureau of Collection's discriminatory conduct.  The Tenth Circuit Court of Appeals has long recognized that a plaintiff does not need testimony from a treating physician or psychologist in order to establish a compensatory damages claim.  *Wulf v. City of Wichita,* 883 F.2d 842, 874-875 (10th Cir. 1989).

Subject to and without waiving the foregoing objections, Plaintiffs respond that they are in the process of obtaining responsive medical documentation regarding Ms. Putney's pregnancy, which will be produced once Plaintiffs have received and reviewed it.

**Supplemental Response:** Plaintiffs produce the documents Bates Stamped EEOC 134-136.

Dated: May 2, 2008                              Respectfully submitted,

_s/ Jennifer Randall_____                   _s/ Mark Berumen_____
Jennifer Randall, Esq.                          Mark Berumen, Esq.

EQUAL EMPLOYMENT OPPORTUNITY                    BERUMEN LAW FIRM, P.C.
    COMMISSION
303 E. 17th Ave, Suite 410                      1450 S. Havana Street, Suite 412
Denver, CO  80203                               Denver, CO  80012
jennifer.randall@eeoc.gov                       markberumen@berumenlaw.com
303-866-1378                                    303-751-2128
Attorney for Plaintiff EEOC                     Attorney for Plaintiff Intervenor

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION** was served by sending the same via electronic mail to the following on May 2, 2008:

Kristi Blumhardt
kblumhardt@mdmlawco.com

                                                        _s/ Jennifer Randall_____
                                                        Jennifer Randall
                                                        Trial Attorney