# Exhibit 13

**From:** JENNIFER RANDALL
**To:** Kristi Blumhardt
**Date:** 6/5/2008 4:53:57 PM
**Subject:** RE: EEOC v. PBC - 7.1 issues

Kristi:

Plaintiffs oppose Defendants' motion for leave to depose Drs. Loran and Herrald after the close of discovery. Defendants failed to timely notice these depositions during the discovery period. Further, Plaintiffs remain concerned about Defendants' good faith basis for disputing that Ms. Putney was pregnant during her employment with PBC.

With regard to the medical records, Plaintiffs oppose Defendants' motion to compel. If Defendants continue to question whether Ms. Putney made any comments to the physicians treating her during her pregnancy regarding emotional distress, Plaitiffs will submit the records for en camera review by the Court.

Sincerely,

Jennifer Randall
Trial Attorney
EEOC - Denver Field Office
303 East 17th Ave, Suite 410
Denver, CO 80203
tel (303) 866-1378
fax (303) 866-1375
jennifer.randall@eeoc.gov

>>> "Kristi Blumhardt" <kblumhardt@mdmlawco.com> 6/5/2008 11:50 AM >>>
Jenny,

First of all, you keep accusing PBC of harassing and annoying Ms.
Putney. As I am sure you know, when a person brings a lawsuit against
another, especially when they assert they themselves did no wrong, that
person opens up certain areas of inquiry into their life. PBC has a
right to inquire into these areas - including Ms. Putney's conduct at
work and her medical records.

Ms. Putney's medical records are relevant for several reasons. First,
and only first, to confirm she was indeed pregnant. A review of the
medical records seems to question whether she was pregnant in the
beginning and we are entitled to inquire into this issue. Further, Ms.
Putney is claiming emotional distress. Your own guidelines address the
fact that the EEOC typically requires medical evidence of emotional harm
prior to seeking damages for such harm in conciliation. If you all
typically require such evidence, it is quite surprising that you say it
is not relevant and we are only seeking this information to harass Ms.
Putney. Nevertheless, while I understand you all are claiming "garden
variety" emotional distress, we are still entitled to inquire as to the
true cause of this emotional distress.

You all have stated that Ms. Putney did not seek treatment for her
emotional distress because she could not afford such treatment. She was
obviously seeking medical treatment during this time for her pregnancy
so we are entitled to see if she made any comments to her doctor
pertaining to her alleged emotional distress. We do not have to take

your word on this - that she did not - we should be able to review the
full, unredacted version of her medical records.

You all have redacted information on the basis of privacy. I asked for
case law supporting the "privacy" privilege and you did not provide any
case law applicable to this District. Indeed, we believe the one case
you provided supports the fact that medical records are relevant when an
emotion distress claim is asserted. As a result, we believe the
redactions are improper and will be filing a motion to compel. Please
advise as to whether you oppose this motion.

As to the doctor testimony - you stated yesterday in Mr. Velasquez's
deposition that the doctor(s) would testify that they gave Ms. Putney a
note for her employer as to future doctor appointments. I am entitled
to inquire into this allegation as well as to Ms. Putney's visits and
her statements, or lack of statements, regarding her emotional distress.


Again, Ms. Putney is seeking damages for emotional distress in this
matter. In doing so she opens up her life in relation to this issue.
PBC is entitled to inquire into this area. Doing so is not harassment.


Please also advise whether you are going to object to taking the doctor
depositions out of time.

Kristi

Kristi Blumhardt, Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1700 Broadway, Suite 1900
Denver, CO  80290

kblumhardt@mdmlawco.com
303-293-8800 ext. 268
303-839-0036 (fax)

-----Original Message-----
From: JENNIFER RANDALL [mailto:JENNIFER.RANDALL@EEOC.GOV]
Sent: Wednesday, June 04, 2008 5:00 PM
To: Kristi Blumhardt
Cc: Mark Berumen; KAREN MORRISON; KATHY WADE
Subject: RE: EEOC v. PBC - 7.1 issues

Kristi:

Thank you for letting us know that Defendants will not oppose a motion
to take Mr. Walter's deposition out of time. Plaintiffs will agree to
take Mr. Walter's 30(b)(6) deposition on the same date as his expert
deposition. Because the two depositions are being combined, Plaintiffs
reserve the right to exceed 7 hours on that day, if necessary. Please
let us know when Mr. Walter will be available for deposition.

Mark and I are taking the issue regarding the doctors under advisement.
 What is Defendants' good faith basis, as required by Rule 11, for

disputing that Ms. Putney was pregnant during her employment with
Defendants?  Dr. Loran and Dr. Herrald have been designated as witnesses
in their capacity as Ms. Putney's treating physicians, and will only be
offered by Plaintiffs in order to establish that Ms. Putney was
pregnant while employed by Defendants. It is unclear why Defendants
would continue to seek discovery on the issue of whether Ms. Putney was
pregnant while working at PBC -- other than to harass Ms. Putney and
unnecessarily increase the cost of litigation -- when Ms. Putney's
personnel file contains a leave slip and a doctor's note referencing
Ms. Putney's pregnancy (PBC 0011 and 0013-0014) and other bill
collectors on the Dialer (designated as witnesses by Defendants) have
testified that they learned of Ms. Putney's pregnancy while Ms. Putney
was working at PBC.

Sincerely,

Jennifer Randall
Trial Attorney
EEOC - Denver Field Office
303 East 17th Ave, Suite 410
Denver, CO 80203
tel (303) 866-1378
fax (303) 866-1375
jennifer.randall@eeoc.gov

>>> "Kristi Blumhardt" <kblumhardt@mdmlawco.com> 6/4/2008 4:28 PM >>>

Jenny,

I spoke with my client and we will not oppose a motion to take Mr.
Walter's 30(b)(6) deposition out of time.  We do request it be taken
at
the same time as his expert witness deposition given the overlap of
subject matter and for a more efficient use of time and money.  Again,
Mr. Walter's 30(b)(6) designation only goes to Topic 23, specifically
relating to the report that has been marked as Deposition Exhibit 3
and
the discovery relating to the electronic data pulled from the
Advantage
system.  If you have any specific questions regarding this
designation,
please let me know.

Thanks,

Kristi

Kristi Blumhardt, Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
1700 Broadway, Suite 1900
Denver, CO  80290

kblumhardt@mdmlawco.com
303-293-8800 ext. 268
303-839-0036 (fax)

JENNIFER RANDALL - RE: EEOC v. PBC - 7.1 issues
Case 1:07-cv-02009-PAB-MJW   Document 92-13   Filed 06/30/08   USDC Colorado   Page 5 of 5
Page 4

-----Original Message-----
From: JENNIFER RANDALL [mailto:JENNIFER.RANDALL@EEOC.GOV]
Sent: Wednesday, June 04, 2008 2:37 PM
To: Kristi Blumhardt
Cc: Mark Berumen; KAREN MORRISON; KATHY WADE
Subject: EEOC v. PBC - 7.1 issues

Kristi:

I write to follow up on our conversation at the end of today's
deposition.

Due to the fact that Ms. Putney's deposition tomorrow is stayed under
Local Rule 30.2(a) pending the resolution of Plaintiffs' Motion for
Protection, and the discovery period in this case ends tomorrow,
Plaintiffs will not oppose Defendants' motion to take Ms. Putney's
deposition out of time.

Please let me know whether Defendants will oppose Plaintiffs' motion
to
take Mr. Walter's 30(b)(6) deposition out of time.  As we discussed,
Plaintiffs will need to file our motion before the discovery deadline
in
this case passes tomorrow.  I would appreciate it if you could let me
know Defendants' position by noon tomorrow (June 5).

I understand from our conversation today that Defendants will join
Plaintiffs in seeking leave to conduct the experts' depositions out of
time.  Plaintiffs will send Defendants a draft joint motion tomorrow.

Sincerely,

Jennifer Randall
Trial Attorney
EEOC - Denver Field Office
303 East 17th Ave, Suite 410
Denver, CO 80203
tel (303) 866-1378
fax (303) 866-1375
jennifer.randall@eeoc.gov


**CC:**              KAREN MORRISON;  KATHY WADE;  Mark Berumen