FILED
UNITED STATES DISTRICT COURT
DENVER, COLO.

MAY 1 2 1997

JAMES R. MANSPEAKER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 96-D-1742

LAURIE CALAHAN, CHRISTINE ADAMS, EDNA BELL, SANDRA COVINGTON, JANET FRANZ, STACY GREENWOOD, YUKIKO JONES, CYNTHIA JORDAN, MARIE KLUNDT, BRENDA LOTT, SANDRA MACKEY, ANITA MARTIN, VICKI REINERT, and DONNA SINN, on behalf of themselves and others similarly situated,

   Plaintiffs,

v.

PUBLIC SERVICE COMPANY OF COLORADO,

   Defendant.

---

## ORDER

---

**Magistrate Judge Abram**

This matter comes before the Court regarding Defendant's oral motions to compel Plaintiffs to provide employment releases and medical information. The parties have filed briefs of points and authorities on both issues.

1. **Employment Releases**

Defendant seeks to compel each Plaintiff to produce an executed employment release. The releases would be used to obtain personnel files from employers (1) for whom each Plaintiff worked prior to or during her employment with Defendant ("former employers") and (2) for whom each Plaintiff no longer employed by Defendant has worked following her cessation of employment with Defendant ("subsequent employers"). Defendant claims that the information from Plaintiffs' former employers will show Plaintiffs' experience, skills, and abilities and enable Defendant to assess

Plaintiffs' earning capacity and ability to mitigate damages. Defendant also asserts that the information could lead to the discovery of after-acquired evidence which would limit Plaintiffs' recovery. Finally, Defendant contends that the information from Plaintiffs' subsequent employers is relevant to show mitigation efforts, including earnings and promotion and advancement prospects.

Most of the cases cited by Defendant are not applicable to the present request. For example, <u>Aramburu v. Boeing Co.</u>, 885 F. Supp. 1434 (D. Kan. 1995), does not concern production of employment records from former or subsequent non-party employers. Rather, that case discusses production of employment records from the employer against whom the lawsuit was brought. <u>Id.</u> at 1442. <u>Travers v. Travenol Laboratories, Inc.</u>, 94 F.R.D. 92 (N.D. Ill. 1982), <u>aff'd</u>, 723 F.2d 66 (7th Cir. 1983), does concern information regarding a former employer of the plaintiff. In that case, however, the plaintiff had filed a charge with the EEOC against the former employer, and the EEOC had destroyed the file. Thus, the information was otherwise unattainable and was sought from the plaintiff's former attorney to show a pre-existing design or scheme in filing the lawsuit. <u>Id.</u> at 93. Thus, <u>Travers</u> is distinguishable from the present case.

Plaintiffs are correct that their pre-hire employment history has no bearing on the alleged discrimination by Defendant. Additionally, employment records of Plaintiffs' subsequent

2

employers are only relevant to the extent they show information regarding mitigation efforts by Plaintiffs. This information can be obtained from the W-2 forms and tax records Plaintiffs have agreed to provide.

THEREFORE, IT IS ORDERED that Defendant's motion to compel employment releases from Plaintiffs is denied.

2. **Medical Information**

Defendant also seeks to compel Plaintiffs to provide information regarding any medical treatment received by Plaintiffs for any physical, emotional, mental, or other condition. Defendant has requested that Plaintiffs sign authorizations for release of medical records. Defendant contends this information is subject to discovery because by making claims and seeking damages for emotional distress, Plaintiffs have placed their mental and physical conditions at issue and have waived any privileges.

The parties rely somewhat on cases concerning the submission of a party to a mental and physical examination pursuant to Fed. R. Civ. P. 35. These cases are not applicable to the issue before the Court to the extent they do not address disclosure of existing medical records and information.

While Plaintiffs' medical condition is certainly an issue as it relates to their claims in this case, Plaintiffs have agreed to provide Defendant with information regarding medical or psychiatric treatment received in relation to the alleged discrimination, harassment, and retaliation by Defendant. Beyond that, Defendant

has failed to establish the relevance of the medical information sought or how the asserted necessity of the information outweighs the potential invasion of the Plaintiffs' privacy interests. Defendant's request is overbroad. Broderick v. Shad, 117 F.R.D. 306, 309 (D.D.C. 1987). Plaintiffs are required only to provide medical information with regard to matters within the scope of their complaint, and they have represented to the Court that they have agreed to provide this information.

THEREFORE, IT IS ORDERED that Defendant's motion to compel medical information is denied.

Dated at Denver, Colorado, this 12th day of May, 1997

BY THE COURT:

_____
D.E. Abram
United States Magistrate Judge