IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02009-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

LATASHA PUTNEY,

Plaintiff-Intervenor,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,
PROFESSIONAL BUREAU OF COLLECTIONS, INC.,

Defendant(s).

---

**ORDERS REGARDING
(1) PLAINTIFFS' MOTION FOR PROTECTION (Docket No. 44),
(2) PLAINTIFFS' MOTION TO COMPEL 30(B)(6) TESTIMONY (Docket No. 72),
(3) PLAINTIFFS' AMENDED MOTION TO COMPEL 30(B)(6)
TESTIMONY (Docket No. 74); and
(4) DEFENDANTS PROFESSIONAL BUREAU OF COLLECTIONS, INC. AND
PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.'S MOTION TO
COMPEL PRODUCTION OF PLAINTIFF'S MEDICAL RECORDS
(Docket Nos. 57 and 64)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on the following four motions: (1) Plaintiffs' Motion for Protection (docket no. 44), (2) Plaintiffs' Motion to Compel 30(b)(6) Testimony (Docket No. 72), (3) Plaintiffs' Amended Motion to Compel 30(b)(6) Testimony (Docket No. 74),

1

and (4) Defendants Professional Bureau of Collections, Inc. and Professional Bureau of Collections of Maryland, Inc.'s Motion to Compel Production of Plaintiff's Medical Records (Docket Nos. 57 and 64) (filed under Seal).  The court has reviewed the subject motions, the responses thereto (Docket Nos. 78, 105, and 92 respectively), and the replies (Docket Nos. 80 and 109).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and orders.

In Plaintiffs' Motion for Protection (docket no. 44), plaintiffs seek a protective order barring the defendants from questioning plaintiff-intervenor LaTasha Putney about her possession, use, and/or discussion of illegal drugs during her employment by defendants.  Alternatively, plaintiffs ask that defendants be permitted only to ask Ms. Putney to respond on the record to defendants' Requests for Admission and to defendants' Interrogatory No. 13.  Plaintiffs claim they have provided defendants with a stipulation rendering defendants' after-acquired evidence defense moot.  Plaintiffs contend that defendants' continued pursuit of this allegedly irrelevant information is embarrassing and oppressive, especially to the extent that it leaves Ms. Putney open to the threat of criminal prosecution.

In Plaintiffs' Amended Motion to Compel 30(b)(6) Testimony (Docket No. 74), plaintiffs seek to compel the continuation of defendants' 30(b)(6) deposition with regard to Topics 13 and 14 of Plaintiffs' 30(b)(6) notice.

In Defendants Professional Bureau of Collections, Inc. and Professional Bureau of Collections of Maryland, Inc.'s Motion to Compel Production of Plaintiff's Medical Records (Docket Nos. 57 and 64) (filed under Seal), defendants seek production of Ms. Putney's medical records, asserting that such records are directly relevant to the claims and

2

defenses in this case and discoverable under Tenth Circuit precedent. Only heavily redacted medical records related to her pregnancy have been provided to defendants so far.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this is a public enforcement action brought by the plaintiff EEOC. Plaintiff EEOC and plaintiff-intervenor LaTasha Putney allege that defendants discharged Ms. Putney because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. In addition, plaintiffs allege that the articulated reasons for terminating Ms. Putney are a pretext for pregnancy discrimination. Defendants allege that during the course of Ms. Putney's ten (10) weeks of employment with defendants, she had punctuality, attitude, and productivity issues that resulted in her termination and that her pregnancy did not play a factor whatsoever in the termination decision;

5. That plaintiff Putney's workplace conduct is at issue in this action. Defendants claim that to date, defendants have discovered

evidence that is relevant to Ms. Putney's workplace performance, including testimony regarding bringing, purchasing, and discussing illegal drugs. Plaintiffs' stipulation limiting monetary damages to the time that defendants learned of this evidence does not necessarily negate the relevance or potential admissibility of this evidence. Furthermore, in her discovery responses, plaintiff Putney denied bringing illegal drugs into defendants' office, purchasing illegal drugs while on lunch break, and discussing selling illegal drugs with other employees while she was employed by defendants. "[D]iscoverable information may include . . . 'information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses.'" Klesch & Co. Ltd. v. Liberty Media Corp., 217 F.R.D. 517, (D. Colo. June 17, 2003) (quoting the Advisory Committee Notes to Rule 26). Plaintiffs' proposed limitation on the questioning is not practical. Therefore, Plaintiffs' Motion for Protection (Docket No. 44) shall be denied;

6. That substantially for the reasons stated in Defendants' response to Plaintiffs' Motion to Compel 30(b)(6) Testimony (Docket No. 105), defendants did not fail to prepare their designated corporate representative (Travis Justus, President of PBC) adequately to testify regarding two topics from plaintiffs' 30(b)(6) deposition notice. The court has reviewed the 30(b)(6) notice, the transcripts provided, and the arguments presented and concludes that

4

defendants did not breach their obligation to produce, in good faith, a knowledgeable deponent who was competent to address the topics designated. Continuation of that deposition with regard to those topics is unnecessary; and

7. That the court has reviewed Ms. Putney's medical records which were submitted for *in camera* review. None of those records contain any relevant information concerning emotional problems/distress. The court agrees with defendants that there is some lack of consistency with respect to some of the redactions made by plaintiffs. Nevertheless, a review of the records does not lead to a conclusion, as alleged by defendants, that there were redactions made of material that did not support Ms. Putney's theory of the case. Virtually all of the redactions concern information that is not relevant to this case and not likely to lead to the discovery of admissible evidence and instead is, as described by plaintiffs, "deeply personal." However, in view of the defendants' assertions that the fact that a party did not mention symptoms or problems relating to alleged emotional distress, while being treated, may go to the existence and/or severity of the emotional distress, and that Ms. Putney's course of treatment and the timing of her medical visits are relevant to her claims that she could not seek mental health treatment, the court directs plaintiffs to review the medical records provided to the court for *in camera* review and from

those records provide the defendants with a list all of the dates on which Ms. Putney had medical appointments and to include on that list the name(s) of the providers who saw her on those stated dates. Finally, the court finds no basis for requiring production of medical records as far back as five years before the termination of her employment with defendants.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion for Protection (docket no. 44) is denied,

2. That Plaintiffs' Amended Motion to Compel 30(b)(6) Testimony (Docket No. 74) is denied,

3. That in view of the above ruling on the Amended Motion (Docket No. 74), Plaintiffs' Motion to Compel 30(b)(6) Testimony (Docket No. 72) is denied as moot;

4. That Defendants Professional Bureau of Collections, Inc. and Professional Bureau of Collections of Maryland, Inc.'s Motion to Compel Production of Plaintiff's Medical Records (Docket Nos. 57 and 64) (filed under Seal) is granted in part and denied in part as follows. It is granted to the extent that plaintiffs shall produce the following: (a) in EEOC143 - produce all but the second, third, and fourth sentence of the first paragraph; (b) EEOC00208; (c) EEOC00210; (d) EEOC00212; (e) EEOC00213; (f) EEOC00216;

(g) EEOC00218; (h) EEOC00200; and (i) EEOC00221. In addition, from the records submitted to the court for *in camera* review, plaintiffs shall provide the defendants with a list all of the dates on which Ms. Putney had medical appointments and the name(s) of the providers who saw her on those stated dates. The motion is denied in all other respects.

5. That the documents submitted to the court for *in camera* review shall be sealed and remain sealed until further order of the court; and

6. That each party shall pay their own attorney fees and costs for these motions since the court finds that under the circumstances of this case an award of expenses would be unjust.

Done and signed this 18th day of July 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE