IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02009-PAB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

LATASHA PUTNEY,

Plaintiff Intervenor

v.

PROFESSIONAL BUREAU OF COLLECTIONS, INC.

and

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,

Defendants.

---

**CONSENT DECREE**

---

### I. RECITALS

1. This public enforcement action was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"). The EEOC lawsuit alleges that Defendants Professional Bureau of Collections, Inc. and Professional Bureau of Collections of Maryland, Inc. ("Defendants") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), by discharging LaTasha Putney because she was pregnant.

2. The Commission and Defendants, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against the Parties hereto.

3. This Decree is final and binding upon the parties as to the issues resolved, as well as upon their successors and assigns.

4. The parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from the charge of discrimination filed by LaTasha Putney, 541-2006-02424.

5. Defendants do not admit any liability in this matter but for the purpose of amicably resolving disputed claims without the risks, uncertainties and expenses of continued litigation, the Defendants join with the Commission in requesting this Court to adjudge as follows:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II. JURISDICTION

6. The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

7. The duration of this Decree shall be fifteen (15) months from the date of signing by the Court.

### III. ISSUES RESOLVED

8. This Decree resolves all claims for damages arising out of the issues and claims set forth in Civil Action No. 07-cv-02009-PAB-MJW.

9. Defendants and their officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

### IV. MONETARY RELIEF

10. Defendants, in settlement of this dispute, shall pay the sum total of $20,000.00 to LaTasha Putney. Payment shall be made in three (3) checks payable as follows:

$3,000.00 payable to LaTasha Putney for lost earnings, subject to tax withholding and reported on a W-2 form.

$10,000.00 payable to LaTasha Putney for emotional distress damages, reported on a 1099 form.

$7,000.00 payable to Berumen Law Firm, P.C., and reported on a 1099 form. Payment shall be delivered to the Berumen Law Firm, 1450 S. Havana St. Suite 412, Aurora, Colorado 80012, not later than 5:00 p.m. on Friday, November 5, 2010. Defendant will not condition the receipt of individual relief on an agreement to: (a) maintain as confidential the terms of this decree; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) waive her right to apply for a position with Defendants.

11. A copy of the settlement check(s) and any transmittal documents shall be forwarded to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

## V. EQUITABLE RELIEF

### A. Scope

12. The terms of this Decree shall apply to all Defendants' facilities and employees.

### B. Injunctive Relief

13. During the term of this Consent Decree, Defendants, their officers, agents, successors and other persons in active concert or participation with them, or any of them, are enjoined from engaging in pregnancy discrimination.

14. Further, Defendants are enjoined from engaging in reprisal or retaliation of any kind against any person because such person was identified as a witness or possible witness for the Commission in the present action or the EEOC investigation giving rise to this action, because such person participated in any manner in this action or in the investigation giving rise to this action, or because such person is designated as an aggrieved individual under this Decree.

### C. Non-Discrimination Policy

15. Defendants stipulate and affirm that they modified their non-discrimination policy to include a prohibition against pregnancy discrimination. The modified policy is attached as Exhibit A.

16. Defendants stipulate that they shall post and keep posted for the duration

of this Decree, in a conspicuous place in each of their facilities in Colorado, where notices to employees and applicants for employment are customarily kept or posted, a copy of the modified Non-Discrimination Policy [Exhibit A].

17. Within thirty (30) days of entry of this Decree, Defendants shall provide a copy of the modified Non-Discrimination Policy to all employees and will provide the policy to newly hired employees within ten (10) days of their hire. Within forty-five (45) days of entry of this Decree, Defendants shall provide the EEOC a letter indicating that the modified Non-Discrimination Policy has been posted and distributed.

18. Within thirty (30) days of the entry of this Decree, Defendants shall modify their employee handbook(s), Human Resources manuals and training materials to reflect its modified Non-Discrimination Policy.

**D.   Training**

19. Beginning in calendar year 2010, and annually thereafter, Defendants shall conduct annual training for all employees on what constitutes employment discrimination, including gender and pregnancy discrimination. Defendants agree that said training will also counsel employees, supervisors and managers and Human Resources officials on the penalties of engaging in such discriminatory behavior. All training under this Paragraph shall be at Defendants' expense.

20. The training will be conducted as follows:

    a. <u>Non-managerial Employees</u>: Defendants will require non-managerial employees to attend one hour of training per year regarding employment discrimination, including gender and pregnancy

discrimination. Discrimination training will include: (a) employees' rights, under Title VII and the other federal anti-discrimination statutes, to work free from discrimination; and (b) discussion of Defendants' modified Non-Discrimination Policy and Defendants' obligations under Title VII and the other federal anti-discrimination statutes. Additionally, Defendants will require new employees to complete the requisite training, within thirty (30) days of being hired.

b. <u>Managerial and Supervisory Employees</u>: Defendants will require all individuals who work in a managerial or supervisory capacity to receive at least a total of three (3) hours of training *annually*. Said training will include: (a) employees' rights, under Title VII and the other federal anti-discrimination statutes, to work free from discrimination (b) discussion of Defendants' modified Non-Discrimination Policy and Defendants' obligations under Title VII and the other federal anti-discrimination statutes; and (c) the penalties for engaging in discriminatory conduct. Additionally, Defendants will require employees newly hired or promoted into a managerial or supervisory position to complete at least one (1) of the requisite three (3) hours of training within thirty (30) days of being hired or promoted.

21. Defendants agree that the first such training session for each employee group identified above, will take place within sixty days after entry of this Decree. Defendants agree that all personnel shall both register and attend the seminar training

sessions. In the annual reports required under the Reporting provisions of this Decree, Defendants shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.

E. **Record Keeping and Reporting Provisions**

22. For the duration of this Consent Decree, Defendants shall maintain all records concerning implementation of this Consent Decree.

23. Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

24. Defendants shall provide annual reports for each twelve-month period following the entry of the Decree. The first report shall be due thirty days following the first year of the Decree, and the second report shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

25. Each report shall provide the following information:

   a. <u>Complaints of Discrimination</u>. For purposes of this Paragraph 27, the term "complaint of discrimination" will include any written or verbal complaint which alleges pregnancy discrimination. Each report shall include: the name, address and telephone number of each person making a complaint of discrimination to Defendants or to any federal, state, or local government agency; a brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendants'

response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

b. <u>Training</u>. Defendant shall certify that all training required under Paragraphs 19-22 has been conducted, and provide a schedule and description of training conducted, including a registry of attendance and copies of training materials utilized.

F. **Neutral Letter of Reference**

27. Defendants will provide Ms. Putney the neutral letter of reference attached as Exhibit B.

### VI. RETENTION OF JURISDICTION AND FILING OF DECREE

28. This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

### VII. ENFORCEMENT

29. There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission may enforce compliance herewith.

30. Enforcement may be had by the Commission petitioning the Court for enforcement of the terms of this Decree.

### VIII. EEOC AUTHORITY

31.  With respect to matters outside the scope of this Decree or charges not specifically resolved in Paragraphs 4 and 8 above, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority.

## IX. COSTS AND ATTORNEY'S FEES

32.  Except as specifically set forth herein, each party shall be responsible for and shall pay its own costs and attorney's fees.

## X. NOTICE

33.  Any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

## XI. SIGNATURES

_____     10/29/10
Mary Jo O'Neill, Regional Attorney     Date
EEOC Phoenix District Office


_____     _____
LaTasha Putney                       Date
Plaintiff/Intervenor


_____     10-29-2010
Travis Justus, President             Date
PROFESSIONAL BUREAU OF COLLECTIONS, INC.
PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,

9

31.     With respect to matters outside the scope of this Decree or charges not specifically resolved in Paragraphs 4 and 8 above, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority.

## IX. COSTS AND ATTORNEY'S FEES

32.     Except as specifically set forth herein, each party shall be responsible for and shall pay its own costs and attorney's fees.

## X. NOTICE

33.     Any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

## XI. SIGNATURES

_____
Mary Jo O'Neill, Regional Attorney
EEOC Phoenix District Office

_____
Date

_____
LaTasha Putney
Plaintiff/Intervenor

_10-29-10_
Date

_____
Travis Justus, President
PROFESSIONAL BUREAU OF COLLECTIONS, INC.
PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,

_____
Date

9

Approved as to form:

_____   Date  __10/29/10__
Andrew Winston
EEOC Senior Trial Attorney
Counsel for EEOC


_____   Date  _____
Mark Berumen
Counsel for Plaintiff-Intervenor LaTasha Putney


_____   Date  __10/29/10__
Kristi Blumhardt
Counsel for Defendants


SO ORDERED this _____ day of _____, 2010.

BY THE COURT:

_____
United States District Judge

Approved as to form:

_____      Date _____
Andrew Winston
EEOC Senior Trial Attorney
Counsel for EEOC

_____      Date 10/27/10
Mark Berumen
Counsel for Plaintiff-Intervenor LaTasha Putney


_____      Date _____
Kristi Blumhardt
Counsel for Defendants


SO ORDERED this _1st_ day of __November__, 2010.

BY THE COURT:

_____
United States District Judge

10


PROFESSIONAL BUREAU OF COLLECTIONS
OF MARYLAND, INC.

# Operations Procedure #P-14
## EQUAL OPPORTUNITY EMPLOYMENT

To:   All Collection Employees
Frm:  Erik Brechbill, Operations Manager
Date: 10-29-2010

No employee or applicant for employment of PBC will be discriminated against on the basis of race, age, color, religious creed, national origin or ancestry, sex, pregnancy or related medical conditions, physical or mental disability, marital status, sexual orientation, gender identification or any other basis protected by federal, state, or local law or ordinance or regulation.

PBC employees are recruited, hired, trained, compensated and promoted for all jobs without regard to race, age, color, religious creed, national origin or ancestry, sex, pregnancy or related medical conditions, physical or mental disability, marital status, sexual orientation, gender identification or any other basis protected by federal, state, or local law or ordinance or regulation.

Personnel decisions are based solely on an individual's qualifications for a position being filled or disciplinary actions being taken without regard to race, age, color, race, age, color, religious creed, national origin or ancestry, sex, pregnancy or related medical conditions, physical or mental disability, marital status, sexual orientation, gender identification or any other basis protected by federal, state, or local law or ordinance or regulation.

Any employee who feels he or she is a victim of discrimination, by any supervisor, management official, other employee, customer, client or any other person in connection with employment at PBC should bring the matter to the immediate attention of the Human Resources Department. The conduct of concern is to be submitted in writing to the following address:
    Professional Bureau of Collections of Maryland, Inc. Human Resources
    5295 DTC Parkway
    Englewood, CO 80111

Employees may also call (720) 200-0326 ext. 5003 to report workplace discrimination.

Any employee who is determined, after investigation, to have engaged in violation of this policy will be subject to severe disciplinary action leading up to and including termination.

I have read and understand the above.

_____           _____
(Employee Signature)                                    (Date)

_____
(Employee Name – Please Print)



Exhibit B

October 28, 2010

To Whom it May Concern,

Please be advised that Latasha Putney was employed by Professional Bureau of Collections of Maryland, Inc. and Professional Bureau of Collections, Inc. as a Collector from June 12, 2006 until September 1, 2006.

Sincerely,

*Mona Verma*

**Mona Verma**
Accounting Manager
Professional Bureau of Collections of Maryland, Inc.
5295 DTC Pkwy
Greenwood Village, CO 80111
Call: (720) 200-0326 ext. 6001
Fax: (720) 529-1949